**Lewis DAVIS, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 29787.

United States Court of Appeals, Fifth Circuit.

March 26, 1971.

Bob R. Hanna, Abilene, Tex. (Court-appointed), for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Allo B. Crow, Jr., Dunklin Sullivan, Charles Parrett, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Davis appeals after the District Court's denial, without an evidentiary hearing, of his petition for writ of habeas corpus. Substantively Davis contends that his sixth amendment right to trial by an impartial jury was abrogated because the jurors considered certain newspaper articles which noted that he had previously been convicted of murder; none of this evidence had been admitted at the trial. Conceding that he received an evidentiary hearing in the state trial court, where his habeas corpus petition was initially filed, Davis argues that the state court erred in its conclusions of law. Consequently he asserts that the District Court's denial of his petition as meritless was erroneous. We reverse.

In the original hearing regarding Davis' petition, the state trial judge admitted that his claim would have been grounds for a new trial. Nevertheless, the judge concluded that the writ could not be granted because Davis' motion for a new trial was procedurally defective. Because of procedural irregularities, the Texas Court of Criminal Appeals ostensibly never considered

Davis' allegations of jury misconduct. We agree with the state trial court that Davis has raised substantial claims regarding the fairness of his trial. Moreover, it is clear that Davis exhausted available state remedies. *See* 28 U.S.C. A. § 2254(b); Vernon's Ann.Tex.Code Crim.Proc. arts. 44.04, 44.34. Consequently we reverse and remand this cause to the District Court with directions to consider the merits of Davis' claim of jury misconduct.

Reversed and remanded.